UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60766-CIV-GAYLES/SELTZER

INTERIM HEALTHCARE INC.,

      Plaintiff,

vs.

SUNCOAST LOVING CARE, LLC,
CB MEDICAL, LLC, JOLANTA
IZMIRLYAN and SEVAN ARTO
IZMIRLIYAN,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Motion for Attorney's Fees (DE 47), which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. For the reasons set forth below, it is hereby RECOMMENDED that Defendant's Motion for Attorney's Fees (DE 47) be DENIED.

I.    BACKGROUND

On April 9, 2018, Interim Healthcare Inc. ("Plaintiff") filed suit against Suncoast Loving Care, LLC, CB Medical, LLC, Jolanta Izmirliyan, and Sevan Arto Izmirliyan ("Defendants"), alleging one claim for trademark infringement under the Lanham Act (DE 1 ¶¶ 38-53) and five claims for breach of contract under a Franchise Agreement (DE 1 ¶¶ 54-89). On April 13, 2018, Plaintiff filed a Motion for Preliminary Injunction seeking to enjoin Defendants from infringing on its trademark rights as alleged in the Complaint (DE 7).

On August 14, 2018, the undersigned entered a Report and Recommendation concluding that Plaintiff's Lanham Act claim is "wholly insubstantial and frivolous" and that subject matter jurisdiction is lacking with respect to the remaining breach of contract claims and recommending that the cause be dismissed (DE 44 at 9). On August 30, 2018, the District Court entered an Order (DE 46) affirming and adopting the Report and Recommendation and, more specifically, dismissing with prejudice the Lanham Act claim (Count I), dismissing without prejudice the remaining state law (breach of contract) claims (Counts II-VI), and denying as moot Plaintiff's Motion for Preliminary Injunction.

On October 15, 2018, Defendants filed the instant Motion for Attorney's Fees ("Motion") (DE 47). On October 29, 2018, Plaintiff filed its Memorandum in Opposition to Defendant's Motion for Attorney's Fees ("Opposition") (DE 48). And on November 5, 2018, Defendants filed their Reply to Plaintiff's Memorandum ("Reply") (DE 50).

The Motion is now ripe for review.

II.   MOTION

Defendants move for attorney's fees of $16,706 for work performed in defending this lawsuit (DE 47 at 6). Defendants predicate the Motion on the language of the Franchise Agreement, which provides:

> 20.5 If either the Company, on the one hand, or Franchisee, on the other hand, commences an action against the other to interpret or enforce any term or condition of this Agreement, or as a result of a breach or alleged breach by the other party of any term or condition of this Agreement, the non-prevailing party shall pay to the prevailing party reasonable attorneys' fees (including a reasonable fee allocated to services provided by in-house counsel), and costs and expenses incurred in connection with the prosecution or defense of such action (including at any appellate level) [ . . . ]

(DE 1-1 at 27, DE 47 at 3). According to Defendants, they are entitled to fees because they "successfully prevailed on Count I to this action and Count I was dismissed *with prejudice*. . . . Here, the aforementioned Order [dismissing with prejudice Count I of the Complaint] [DE 46] makes Defendants prevailing parties for which Plaintiff paying attorneys' fees is warranted" (DE 47 at 3). The undersigned, however, does not agree.

III.  ANALYSIS

A.  Defendants Are Not Entitled to Fees for Dismissal of Lanham Act Claim

The "American Rule" is that each party in a lawsuit ordinarily shall bear its own attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). This default rule, however, can be overcome by statute or by an "an 'enforceable contract' allocating attorney's fees." Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 448 (2007). Defendants maintain that the Franchise Agreement entitles them to recover their attorney's fees given that the Court has now dismissed with prejudice Count I of the Complaint.

Yet, Count I was not a breach of contract claim brought under the Franchise Agreement; rather, it was a federal statutory (trademark infringement) claim brought under the Lanham Act. The Franchise Agreement provision authorizing attorney's fees does not extend to statutory claims. By its terms, the provision covers claims involving the interpretation or enforcement of, or an alleged breach of, the Franchise Agreement. And under Florida law, such contractual fee provisions must be strictly construed. See Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV, 2018 WL 5306683, at *4 (11th Cir. Oct. 26, 2018)(explaining that in Florida it is well established, "that each party, including the successful one, in litigation must ordinarily bear the burden of his own attorneys' fees. As

3

such, a contractual attorney's fee provision must be strictly construed."). Because Count I did not seek to enforce or interpret the Agreement or allege a breach of the Agreement – indeed, the Franchise Agreement was immaterial to the disposition of the Lanham Act claim – it cannot not provide a legal basis for the recovery of fees as to that statutory claim.[1]

### B. Defendants Are Not "Prevailing Parties" as to the Breach of Contract Claims

After the District Court dismissed with prejudice the only claim over which it had original jurisdiction, the Lanham Act claim (Count I), it was left only with the state law (breach of contract) claims (Counts II-VI), which it then dismissed without prejudice. The dismissal left Plaintiff free to re-file those contract claims in the state court. Although Defendants have not sought fees based on the Court's order dismissing the contract claims, the undersigned nonetheless will address whether that dismissal renders Defendants prevailing parties under the Franchise Agreement.

The Franchise Agreement does not define a prevailing party. Florida law, however, defines a prevailing party as one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Moritz v. Hoyt Enter., Inc.,

---

[1] The undersigned notes that although the Lanham Act does provide that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party," 15 U.S.C. § 1117(a), Defendants have not sought fees on that statutory basis. The statute does not define the term "exceptional," but the Eleventh Circuit has repeatedly held that an "exceptional" case is one that is "malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." Welding Servs. v. Forman, 301 Fed. App'x 862 (11th Cir. 2008) (citations and internal quotations omitted). The undersigned notes that the circumstances of the instant case do not rise to the level of "exceptional," such that Defendants would be eligible for statutory fees; there is no evidence that Plaintiff "acted in bad faith and with an improper motive." Id. at 863.

604 So.2d 807, 810 (Fla. 1992) ("[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court") (adopting as Florida law the federal standard for prevailing party status set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). This standard, applicable to federal and Florida law, looks for "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties." Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir.2003) (quoting Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Servs., 532 U.S. 598, 604–605 (2001)).

Here, the District Court dismissed Counts II-VI (the breach of contract claims) without prejudice, thereby allowing Plaintiff to re-file those same claims in the state court (DE 46 at 2). In dismissing Counts II-VI, the District Court adopted the undersigned's Report and Recommendation, which recommended that those remaining claims be dismissed for lack of subject matter jurisdiction (DE 44). By dismissing the action for lack of jurisdiction, the District Court did not rule on the merits of the contract claims. Nor did the District Court alter the legal relationship of the parties in any substantive way. Although Defendants prevailed in having the breach of contract claims dismissed in the federal court, they have not prevailed in the overall litigation, as those same claims may now be re-filed in the state court. Accordingly, as the legal relationship of the parties has not been altered, Defendants are not prevailing parties entitled to recover attorney's fees.

Ample authority supports the proposition that dismissals for lack of subject matter jurisdiction do not alter the legal relationship of the parties. See Sanchez v. Swire Pacific

Holdings, Inc., 2009 WL 2005272, at *4 (S.D. Fla. 2009) (stating that "support for this conclusion can be plentifully found in both Federal and Florida caselaw"). The Sanchez court observed:

> "[T]he Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir.2006) (quoting Buckhannon, 532 U.S. at 605). Dismissals for lack of subject matter jurisdiction, or dismissals without prejudice in general, typically do not meet that test. See id. at 103 (citing Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 929–30 (7th Cir.2000); Szabo Food Serv. Inc. v. Canteen Corp., 823 F.2d 1073,1076–77 (7th Cir.1987) (holding that defendant was not "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice . . . does not decide the case on the merits.... The defendant remains at risk")); see also Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir.1990) ("To be a prevailing party . . . a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought. . . . Where a complaint has been dismissed for lack of subject matter jurisdiction, the [d]efendant has not prevailed over the plaintiff on any issue central to the merits of the litigation") (internal quotation marks and citations omitted).
>
> Florida cases have routinely applied these same principles. The "prevailing party", for purposes of attorney's fees, is a party that the trial court determines prevailed on significant issues in the litigation. Green Cos., 658 So.2d at 1119. Even when a party receives a monetary award that does not necessarily mean the party is a prevailing party in the litigation. Boxer Max Corp. v. Cane A. Sucre, Inc., 905 So.2d 916, 918 (Fla. 3d DCA 2004) (citing Zhang v. D.B.R. Asset Management, Inc., 878 So.2d 386 (Fla. 3d DCA 2004)). But it is undeniable that, when there is a dismissal of a case without prejudice, Florida law does not confer prevailing party status on the successful movant. Shaw, 683 So.2d at 1187 (denying motion for fees as prevailing party under Florida environmental statute because complaint dismissed without prejudice; "The dismissal was based on procedural grounds and not a determination of any significant issue in the case. Importantly, the instant dismissal order did not bring the litigation to an end.").

In sum, a dismissal without prejudice on jurisdictional grounds does not constitute a "determination of any significant issue in the case" or a resolution that "brings the litigation to an end." And here, the District Court's dismissal without prejudice of the breach

6

of contract claims does not render Defendants prevailing parties and does not entitle them to attorney's fees under the prevailing party provision of the Franchise Agreement.

IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' Motion for Attorney's Fees (DE 47) be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED in Chambers, Fort Lauderdale, Florida, this 28th day of November 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Hon. Darrin P. Gayles
United States District Judge

All counsel of record